CHARLES A. JAMES, CASHIER, *vs.* ROBERT S. DAVIS ET AL.

LAW. NO. 24,568.

{ Decided March 10, 1884.
{ The CHIEF JUSTICE and Justices Cox and JAMES sitting.

In an action on a promissory note, brought by the cashier of a bank in his own name, the court will refuse judgment on a motion under the seventy-third rule, where the affidavit accompanying the declaration, although showing title in the bank, does not contain any allegation to show that the plaintiff afterwards became holder of the note,

### STATEMENT OF THE CASE.

This was an action on a promissory note, the property of the Bank of Washington. The declaration was filed in the name of " Charles A. James, cashier," and after setting out the making the note by the defendant Robert S. Davis to the order of one Dellinger, stated that the payee " endorsed the same to the plaintiff."

The seventy-third of the General Rules of the court is as follows:

" In any action arising *ex contractu,* if the plaintiff or his agent shall have filed, at the time of bringing his action, an affidavit, setting out distinctly his cause of action, and the sum he claims to be due, exclusive of all set-offs and just grounds of defence, and shall have served the defendant with copies of his declaration and of said affidavit, he shall be entitled to a judgment for the amount so claimed, with interest and costs, unless the defendant shall file, along with his plea, an affidavit of defence, denying the right of the plaintiff as to the whole or some specified part of his claim, and specifically stating, also, in precise and distinct terms, the grounds of his defence, which must be such as would, if true, be sufficient to defeat the plaintiff's claim in whole or in part."     *     *     *

The declaration in this case was accompanied by the affidavit set out in the opinion of the court, which follows; and the defendant Davis filed with his plea an affidavit of defence, not necessary to be considered in the light of the opinion. The plaintiff moved for judgment under the

seventy-third rule, on the ground that the affidavit of Davis, if true, did not set out a good defence. The court below overruled the motion; from which action the plaintiff appealed.

· Wm. F. Mattingly for plaintiff:

The affidavit accompanying the declaration is sufficient; it describes the plaintiff as cashier of the Bank of Washington, and states that the note sued on was discounted by that bank. That a cashier may sue in his own name, for his bank, is beyond question; and the affidavit, showing the plaintiff to be cashier and tracing the title to the note to the bank, sufficiently shows the plaintiff's right to judgment.

A. S. Worthington for defendant Davis:

The declaration and the affidavit should accord. The former states the note to have been endorsed "to the plaintiff," not adding that he was cashier of the Bank of Washington; the latter shows title to the note in the bank, and while stating the plaintiff to be its cashier, goes no further. A cashier may sue as holder of a note, the property of his bank, but in no other relation to the bank; and the affidavit in this case fails to show the plaintiff to be holder.

Mr. Justice James delivered the opinion of the court.

This action was brought upon a promissory note of five hundred dollars, as follows: "Ninety days after date I promise to pay to Henry M. Dellinger, or order, five hundred and thirty-two dollars for value received, payable at the Bank of Washington, with interest at the rate of seven per cent. per annum until paid. (Signed) Robert S. Davis. (Indorsed.) Henry M. Dellinger." and "protested for non-payment."

To that was appended an affidavit made by the plaintiff, in the following words: "I, Charles A. James, do swear that I am cashier of the Bank of Washington and plaintiff in this action. That the plaintiff's cause of action is the

promissory note sued on and filed with the declaration attached hereto; that the defendant Robert S. Davis is the maker of said note, and that the defendant Henry M. Dellinger is the payee and indorser thereof; that said note was discounted by the Bank of Washington for full value, before the maturity thereof, in the ordinary course of business; that said note was duly presented for payment on the date of its maturity at said bank, where, on its face, it is made payable, and was not paid, whereof said indorser was forthwith duly notified; that the amount of said note, five hundred and thirty-two dollars, is justly payable by the defendant to the plaintiff, with interest as claimed in the said declaration, exclusive of all set-offs and just grounds of defence."

The defendant made an affidavit setting up a defence, but the court, under the seventy-third rule, holding that the affidavit of the plaintiff was sufficient, and that the affidavit of defence made by the defendant was sufficient, refused to enter judgment on the note.

The question first to be considered is, whether the affidavit of the plaintiff is sufficient; and if it is not, it is unnecessary to consider the affidavit of defence. It is well-settled law that the holder of a note, even where he is in point of fact the agent for the owner, may sue upon it in his own name. The cashier of the Bank of Washington, if the holder, could sue in that manner. But in his affidavit he states that the note was discounted by the Bank of Washington, and there his affidavit stops, so far as respects the question of holder. He does not state, in addition to that, that after the Bank of Washington became the holder, he succeeded as holder. In other words, the affidavit makes a case up to the point at which the bank was the holder, but adds no facts to show that the plaintiff afterwards became the holder. It makes the case of an agent suing on a promissory note held by his principal, which cannot be done. The plaintiff must sue as holder, although he be only agent.

We have not seen much merit in this matter, but we have been obliged to be so strict heretofore in the application of

the seventy-third rule that we do not feel at liberty to depart from the course that the court has adopted. It is a rule which withdraws cases from the jury, and we have constantly decided, that all of the facts making a case must be set up in the affidavit, so that if they are not contradicted by an affidavit from the other side, the necessity of a jury trial is wholly done away with. Here we find that the affidavit leaves the plaintiff in the possession, not being the holder, of this note, because he has not shown that he is. We feel compelled to adhere to our former decisions in regard to the requisites of the plaintiff's affidavit under this seventy-third rule, and must therefore refuse judgment, and affirm the judgment of the court below.